

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL BELL, et al.,<br><br>                                       Plaintiffs,<br><br>v.<br><br>OAMA CORONADO LLC, et al.,<br><br>                                      Defendants. | Case No.: 25-cv-01170-CAB-DEB<br><br>**ORDER GRANTING MOTION TO PROCEED IFP AND DISMISSING COMPLAINT AND MOTION**<br><br>[Doc. Nos. 1–3] |

On May 7, 2025, Plaintiffs Michael Bell and Lisa Philips filed a complaint against Defendants Oama Coronado LLC, Todd Brisco & Associates, Valerie Sparks, Judge Peter F. Murray, and Sirein Roman. [Doc. No. 1.] Plaintiffs did not prepay the civil filing fees required by 28 U.S.C. § 1914(a) at the time of filing; instead, they filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). [Doc. No. 2.] Plaintiffs also filed a motion to stay ongoing Superior Court proceedings. [Doc. No. 3.] For the reasons outlined below, the IFP motion is granted, and the Plaintiffs' complaint and motion to stay are dismissed.

**I.      Motion to Proceed IFP**

Generally, all parties instituting a civil action in this court must pay a filing fee. *See* 28 U.S.C. § 1914(a); CivLR 4.5(a). However, under 28 U.S.C. § 1915(a), the court may authorize the commencement, prosecution, or defense of any suit without payment of fees

if the plaintiff submits an affidavit, including a statement of all his or her assets, showing that he or she is unable to pay filing fees or costs. "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted). The granting or denial of leave to proceed IFP in civil cases is within the sound discretion of the district court. *Venerable v. Meyers*, 500 F.2d 1215, 1216 (9th Cir. 1974) (citations omitted).

In support of their application, Plaintiffs jointly list minimal assets. [Doc. No. 2.] Plaintiffs receive income from self-employment and public assistance. [*Id.* at 1–2.] Their average monthly expenses are nearly double this income. [*Id.* at 4.] Plaintiffs provide significant detail to support this monthly shortfall. [*Id.*] Based on the "particularity, definiteness and certainty" in the information provided, the Court is persuaded that Plaintiffs lack the funds to pay the filing fee and "still afford the necessities of life." *Escobedo*, 787 F.3d at 1234.

## II.    Screening of the Complaint Pursuant to 42 U.S.C. § 1915(e)(2)(B)

Nevertheless, upon granting a request to proceed IFP, the Court must additionally analyze a complaint's sufficiency under 28 U.S.C § 1915. A plaintiff seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to *sua sponte* dismissal if the complaint is "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). Congress enacted this safeguard because "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).

     The Court construes Plaintiffs' complaint and motion liberally. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). The gravamen of the 172-page filing appears to relate to a pending unlawful detainer dispute in state court.

     As it relates to Fed. R. Civ. P. 12(b)(1), "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). This threshold requirement "'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) (quoting *Mansfield, C. & L.M. Ry. Co. v. Swan*, 111 U.S. 379, 382 (1884). Federal courts are courts of limited jurisdiction and lack of jurisdiction is presumed unless proven otherwise. *See Stock W., Inc. v. Confederated Tribes of the Colville Rsrv.*, 873 F.2d 1221, 1225 (9th Cir. 1989).

     There are numerous problems with these pleadings. Plaintiffs appear to have sued a state judge presiding over their dispute for acts performed in his judicial capacity. *See Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385, 1394 (9th Cir. 1987). Moreover, under the *Younger* abstention doctrine, the Court will not exercise jurisdiction to stay or enjoin an ongoing unlawful detainer proceeding. *Dubinka v. Judges of Superior Ct. of State of Cal. for Cnty. of Los Angeles*, 23 F.3d 218, 223 (9th Cir. 1994). And if the proceedings have concluded, federal district courts do not have jurisdiction over direct challenges to final decisions of state courts or claims whose resolution "are inextricably intertwined with a state court's decision." *D.C. Ct. of Appeals v. Feldman,* 460 U.S. 462, 483 n. 16 (1983). Finally, the Anti-Injunction Act also prohibits this Court from enjoining current state court proceedings with limited exceptions, none of which apply here. 28 U.S.C. § 2283; *see Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970) (listing exceptions).

///
///
///

### III. Conclusion

Plaintiffs' application to proceed IFP, [Doc. No. 2], is granted. The Court dismisses Plaintiffs' complaint and motion for stay under Fed. R. Civ. P. 12(b)(1). [Doc. Nos. 1 and 3.] Plaintiffs shall have until June 2, 2025 to amend their complaint. Plaintiffs may amend their complaint to plead a proper federal claim that allows this Court to exercise jurisdiction. The Court will again screen any amended complaint. Plaintiffs are reminded that federal courts are required to examine jurisdiction sua sponte—meaning on their own initiative. *See Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002).

Dated: May 12, 2025

Hon. Cathy Ann Bencivengo
United States District Judge